IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ROGER KING, | : | |
| Petitioner, | : | |
| VS. | : | **1 : 10-CV-183 (WLS)** |
| DANNIE THOMPSON, Warden, | : | |
| Respondent. | : | |

## ORDER AND RECOMMENDATION

Presently pending in this § 2254 federal habeas Petition are Respondent's Motion to Dismiss for Lack of Exhaustion, and Petitioner's Motion in Opposition, Extraordinary Motion for Delay, and Motion for Adequate Legal Assistance. (Docs. 13, 16, 8, 11).

**Factual Background**

Petitioner is challenging his November 2004 Worth County conviction and sentence for attempting to violate the Georgia Controlled Substance Act through the sale and distribution of cocaine. Petitioner was sentenced as a recidivist to a forty (40) year "split" sentence, serving thirty (30) years. The Georgia Court of Appeals affirmed Petitioner's conviction and sentence. *King v. State*, 275 Ga. App. 450, 620 S.E.2d 570 (2005). The Supreme Court of Georgia denied Petitioner's application for certiorari on January 30, 2006. Petitioner filed a motion for modification of sentence, and a motion to void legal sentence, which were denied on August 5, 2006. The Georgia Court of Appeals affirmed the denial of the motions on appeal. *King v. State*, 295 Ga. App. 865, 673 S.E.2d 32 (2009).

Petitioner filed a state habeas petition on March 30, 2009 in the Superior Court of Lowndes County. (Doc. 15-1). Both Petitioner and Respondent agree that the state habeas court

held an evidentiary hearing on September 16, 2010, and no final order has been entered. (*See* Doc. 13-1, 16-2). Petitioner has not applied for a certificate of probable cause. Petitioner executed this federal habeas Petition on December 14, 2010. (Doc. 1).

*Motion to Dismiss (Doc. 13)*

Respondent maintains that Petitioner presently has a state habeas petition pending, and as such, his claims for federal habeas relief have not been fully exhausted. Petitioner argues that the undue delay he has experienced in his state court proceedings excuses the exhaustion requirement herein.

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner bears the burden of proving that he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *Toulson v. Beyer*, 987 F.2d 984, 987 (3rd Cir. 1993); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997); *Mack v. Singletary*, 142 F.Supp.2d 1369, 1375 (S.D.Fl. 2001).

In order to satisfy this exhaustion requirement, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Rather, Petitioner must

2

present the state court with both the facts and the legal theories upon which he relies. *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir.1978). State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory." *Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir. 1981).

In his response to Respondent's Motion to Dismiss, Petitioner alleges that he has experienced unreasonable delays in the state court system since he filed his state habeas petition on March 30, 2009. (Doc. 16-2). "State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief." *Cook v. Florida Parole & Probation Comm'n.*, 749 F.2d 678, 679 (11th Cir. 1985); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (finding that a petitioner may be excused from satisfying the exhaustion requirements when the "state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights.").

Herein, the delay in the Petitioner's state court proceedings is not unreasonable. Petitioner's state evidentiary hearing was held approximately nine (9) months ago and Petitioner has not yet received a decision. Waiting nine months for a decision from the state habeas court following an evidentiary hearing does not constitute an unreasonable or unexplained delay. *See Cook*, 749 F.2d at 680 (holding a delay of three and one-half years in ruling on state habeas motion not unreasonable or unjustified, when delay was based on state's desire to provide full and fair hearing and petitioner's own activities that resulted in incarceration in another state); *Griffin v. Parsons*, 2008 WL 5216185, *3 (S.D. Ga. 2008) (finding the petitioner was not unreasonably delayed when he had not received a decision from the state habeas court eight

3

months after his evidentiary hearing); *cf. Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) (determining that the state had failed to act on numerous habeas petitions, had failed to appoint counsel to assist petitioner and could not assure future appointment, thereby admitting the futility of further resort to its own courts and waiving exhaustion). The Court finds that Petitioner has failed to discharge his burden to establish that the delays in the state court system excuse or waive the exhaustion requirement. *Toulson*, 987 F.2d at 987; *Lambert*, 134 F.3d at 513.

Inasmuch as the Petitioner has failed to pursue available state court remedies regarding the grounds for relief raised in this federal habeas Petition, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus Petition be **DISMISSED** without prejudice to the Petitioner's right to refile once he has exhausted the remedies available to him in the state court system.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion in Opposition (Doc. 16)*

Petitioner filed this Motion in Opposition requesting the Court deny Respondent's Motion to Dismiss for Lack of Exhaustion. It is the recommendation of the undersigned that Respondent's Motion to Dismiss be granted based on Petitioner's failure to exhaust. Accordingly, Petitioner's Motion in Opposition is hereby **DENIED**.

*Extraordinary Motion for Delay (Doc. 8)*

Petitioner filed this Motion requesting the Court invoke jurisdiction over Petitioner's state habeas petition because the state habeas petition had been pending for twenty (20) months. In

addressing Respondent's Motion to Dismiss, the Court determined that there has not been an unreasonable delay regarding Petitioner's state habeas petition. Thus, Petitioner's Extraordinary Motion for Delay is hereby **DENIED**.

*Adequate Legal Assistance (Doc. 11)*

Petitioner has filed a Motion for Adequate Legal Assistance requesting the Court order the Smith State Prison officials to provide Petitioner with assistance in learning how to operate the prison computer system, two hours on the computer, and assistance from an individual who has knowledge of criminal law.

A prison law library must supply an inmate with the capability to attack his sentence. *Arthur v. Allen*, 452 F.3d 1234, 1250 (11th Cir. 2006). The State must provide an inmate with either "adequate law libraries or adequate assistance from persons trained in the law." *Lewis v. Casey*, 518 U.S. 343, 355-56 (1996) (internal quotations omitted). Herein, Petitioner states that Smith State Prison is equipped with Lexis-Nexis, and Petitioner is allowed thirty (30) minutes on the computer to conduct legal research. As Petitioner has access to an adequate law library, this Motion for Adequate Legal Assistance is **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 29th day of June, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

llf

5