**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| ROGER KING, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO: 1:10-cv-183 (WLS) |
| | : | |
| DANNIE THOMPSON, *Warden*, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

## <u>ORDER</u>

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed June 29, 2011. (Doc. 22). It is recommended that Petitioner's habeas corpus petition, filed pursuant to 28 U.S.C. § 2254 (*see* Doc. 1), be dismissed without prejudice pursuant to Respondent's Motion to Dismiss for Lack of Exhaustion. (Doc. 22 at 4). The Report and Recommendation provided the Parties with fourteen (14) days[1] from the date of its service to file written objections to the recommendations therein. (*Id.* at 2). The period for filing objections expired on Monday, July 18, 2011.[2] No objections have been filed to date. (*See* Docket).

In view of the absence of any objections from the record of this case and the Court's consideration of the record as a whole, United States Magistrate Judge Langstaff's June 29, 2011 Report and Recommendation (Doc. 22) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings and

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).
[2] Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), because the actual deadline for filing objections— Saturday, July 16, 2011—fell on a weekend, the deadline was extended to Monday, July 18, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C).

conclusions reached herein. Accordingly, Respondent's Motion to Dismiss for Lack of Exhaustion (Doc. 13) is **GRANTED**, and Plaintiff's habeas corpus petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. If he wishes, Petitioner may re-file his habeas corpus petition once he has exhausted the appropriate state court remedies.

The Court further **DENIES** Petitioner a certificate of appealability. Only after Petitioner has fully exhausted available state court remedies and has followed the correct procedure to properly assert his claims before this Court may the Court evaluate, if necessary, whether Petitioner has made a substantial showing of the denial of a constitutional right, sufficient to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**, this __21ˢᵗ__ day of July 2011.


/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**